# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY HERNDON and<br>KERRI HERNDON,<br><br>    Plaintiffs,<br><br>v.<br><br>SHERWOOD CONSTRUCTION CO., INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 19-CV-0028-CVE-JFJ<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Now before the Court are defendant Sherwood Construction Co., Inc's motions to compel arbitration, and to stay proceedings (Dkt. ## 10, 11).[1] On December 10, 2018, plaintiffs Timothy Herndon and Kerri Herndon filed a petition (Dkt. # 2-1) in the District Court of Creek County, Oklahoma, alleging three causes of action: (1) breach of contract for failure to pay for waste material; (2) breach of contract for failure to construct a berm; (3) and negligence. Defendant removed the action to this Court on January 16, 2019. Dkt. # 2. On January 25, 2019, defendant filed its motions to compel arbitration and to stay proceedings (Dkt. ## 10, 11). On February 15, 2019, plaintiffs filed a first amended complaint (Dkt. # 14), effectively dismissing their breach of contract claims and proceeding solely on the negligence claim. That same day, plaintiffs filed a response in opposition to defendant's motion (Dkt. # 15). Defendant filed a reply (Dkt. # 18).

## I.

In 2017, the Oklahoma Turnpike Authority (OTA) hired defendant to provide construction services for two projects on the Turner Turnpike. Dkt. # 10, at 1. Defendant required the use of

---

[1]   Defendant filed a two-part motion as one document, which was redocketed by the Clerk's Office as two docket numbers (10, 11).

additional property for the disposal of rock, concrete, and earthen material created during its work on the projects. Id. at 2. On August 21, 2017, defendant entered into an agreement with plaintiffs, pursuant to which defendant would have the right of ingress and egress onto property owned by plaintiffs for the purpose of disposing such materials. Id. at 1. The agreement defines the work to be performed by defendant as follows:

> 3) DEFINING THE WORK. Waste material will be placed in areas in or adjacent to the pond located on said property. Gravel from the existing driveway will be removed, stockpiled, and replaced on the new alignment upon completion of the work.

Dkt. # 10-1, at 1-2. Further, the agreement provides that "Sherwood will coordinate with OWNER [(plaintiffs)] and OWNER's contractor on the exact location of dirt placement." Id. at 3. In addition, the parties amended the agreement by hand to include two additional obligations under the contract:

> Sherwood agrees to pay owner .20 ¢ [sic] per cubic yard for waste material.
>
> Sherwood agrees to build a berm around driveway between turnpike to serve as a sound barrier. Approx 6'-7' tall.

Id. Finally, the agreement provides that

> [a]ll claims, disputes and other matters in question arising out of, or relating to, this agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then pertaining. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon in any court having jurisdiction thereof.

Id. at 2. All parties signed the agreement and initialed the handwritten amendments. Id. at 3-4.

**II.**

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq.,[2] represents a strong public policy in favor of arbitration, and states that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2; Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010); Vaden v. Discover Bank, 556 U.S. 49, 58 (2009). A motion to compel arbitration calls for a two-step inquiry concerning the arbitrability of the dispute: (1) whether there is a valid arbitration agreement, and (2) whether the particular dispute falls within the scope of that agreement. AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986). In resolving these issues of arbitrability, the Court must operate under a presumption in favor of arbitration.

### A. Whether There Is A Valid Arbitration Agreement

As an initial matter, there is no real dispute that there is a valid arbitration agreement between plaintiffs and defendant. The agreement containing the arbitration provision was clearly executed by all parties, as evidenced by their signatures and initials on the document. Dkt. # 10-1, at 3-4. Further, the handwritten amendments to the agreement suggest that the parties considered and

---

[2] The agreement states that it "shall be governed by and construed according to the laws of the State of Oklahoma." Dkt. # 10-1, at 3. However, the vast majority of cases hold that, where the arbitration clause is part of a contract evidencing a transaction involving interstate commerce such that the FAA applies, federal courts must apply federal rather than state law as to the validity and effect of the arbitration clause. Conflict of Laws As to Validity and Effect of Arbitration Provision in Contract for Purchase or Sale of Goods, Products, or Services, 95 A.L.R.3d 1145 (cataloguing cases); see Foster v. Turley, 808 F.2d 38, 41 (10th Cir. 1986). The agreement at issue here involves a Kansas corporation agreeing to provide services to Oklahoma residents. Therefore, the Court applies the FAA for the purposes of determining the validity and effect of the arbitration clause.

3

negotiated the terms of the contract prior to its execution. Id. at 4. Therefore, the Court finds that the parties intended to enter into the arbitration agreement. In any case, plaintiffs do not seem to dispute that a valid arbitration agreement exists or that their breach of contract claims would have been subject to the arbitration agreement had they not been dismissed. Dkt. # 15, at 2-3. Accordingly, the Court finds that a valid arbitration agreement exists.

### B. Whether the Dispute Falls Within the Scope of the Arbitration Agreement

In determining whether a claim falls within the scope of an arbitration clause, a court must first determine whether the arbitration clause is broad or narrow. Chelsea Family Pharmacy, PLLC v. Medco Health Sol., Inc., 567 F.3d 1191, 1196 (10th Cir. 2009). A broad arbitration provision is one that "refer[s] all disputes arising out of a contract to arbitration." Cummings v. FedEx Ground Package Sys., Inc., 404 F.3d 1258, 1262 (10th Cir. 2005). In contrast, a narrow arbitration provision "manifest[s] an intent to narrowly limit arbitration to specific disputes regarding the termination" of a contract. Id. The arbitration agreement in this case requires arbitration of "[a]ll claims, disputes and other matters in question arising out of, or relating to, this agreement or the breach thereof[.]" Dkt. # 10-1, at 2. This provision does not place any limitation on the arbitrability of disputes arising out of or relating to the agreement, and the Court finds that this is a broad arbitration provision.[3] In reviewing a broad arbitration provision, "there arises a presumption of arbitrability and arbitration

---

[3] The arbitration provision also does not contain any temporal limitation, because it applies to all claims "relating to" the agreement. Dkt. # 10-1, at 2. "[T]he word *relate* does not have the same temporal connotation as *arise*; we can say that something arises at a particular point in time; but *relate* is broader and includes a relationship in subject matter that is independent of time." In re Cox Enter., Inc. Set-Top Cable Television Box Antitrust Litig., F.3d 1195, 1202 (10th Cir. 2016). Absent a temporal limitation, an arbitration provision may cover claims that accrued prior to execution of the agreement. Id. Plaintiffs do not limit their negligence claim to any time period. Dkt. # 14, at 4. But to the extent plaintiffs allege certain events occurred prior to execution of the agreement, the timing of those events is irrelevant.

4

of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." Cummings, 404 F.3d at 1261 (quoting Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001)).

The sole claim remaining in this action is plaintiffs' negligence claim.[4] Plaintiffs assert that their negligence claim arises from "Defendant partially filling a pond on Plaintiffs' Property and building an access road over the filled in portion of that pond." Dkt. # 15, at 2. Plaintiffs argue that this claim "has nothing to do with the Contract or its alleged breach," id. at 5, because the contract only "concerns Defendant's obligation to pay Plaintiffs for the disposal of waste material and to build a berm on Plaintiffs' Property," id. at 3. Plaintiffs argue, therefore, that the negligence claim is not subject to arbitration.

As an initial matter, plaintiffs are incorrect in their assertion that the contract concerns defendant's obligations to pay for the disposal of waste material and to build a berm only. Rather, the agreement also concerns the following obligations: "Waste material will be placed in areas in or adjacent to the pond located on said property. Gravel from the existing driveway will be removed, stockpiled, and replaced on the new alignment upon completion of the work." Dkt. # 10-1, at 2. Although the parties amended the agreement to obligate defendant to pay for disposal of waste material and to build a berm, the parties accepted those obligations in addition to the obligations that were already contained in the agreement.

---

[4]  It is immaterial to the Court's arbitration analysis that plaintiffs assert a tort claim as opposed to a breach of contract claim. "If the allegations underlying the claims touch matters covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them." Chelsea Family Pharmacy, 567 F.3d at 1198 (quoting P & P Indus., Inc. v. Sutter Corp., 179 F.3d 861, 871 (10th Cir. 1999) (alteration in original).

Having determined that the agreement explicitly obligates defendant to place waste material "in areas in or adjacent to the pond," id., the Court finds that plaintiffs' claim that defendant was negligent in partially filling the pond on plaintiffs' property clearly relates to the contract. Moreover, the agreement explicitly obligates defendant to remove, stockpile, and replace the gravel from the existing driveway onto the new alignment. The "new alignment" clearly refers to the new access road, as plaintiffs alleged in their original petition. Dkt. # 10-2, at 3, ¶ 22 ("Pursuant to the Contract, Defendant was to remove, stockpile, and replace gravel from the existing access road on to the new access road."). Therefore, the Court also finds that plaintiffs' claim that defendant was negligent in building an access road over the filled in portion of the pond clearly relates to the contract.

Accordingly, the Court finds that defendant's motion to compel arbitration should be granted.

### III.

Having determined that the motion to compel arbitration should be granted, the Court turns to defendant's motion to stay proceedings pending arbitration. Section 3 of the FAA states that, upon determining that the issue involved in the suit is referable to arbitration under an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. Accordingly, the Court finds that the motion to stay proceedings should be granted.

**IT IS THEREFORE ORDERED** that defendants' motions to compel arbitration, and to stay proceedings (Dkt. ## 10, 11) are **granted**.

**IT IS FURTHER ORDERED** that, pursuant to LCvR 41.1, the Court Clerk is directed to **administratively close** this case pending either an order of the Court reopening the action, or until this case is dismissed with prejudice by stipulation of the parties.

**IT IS FURTHER ORDERED** that the parties shall file a notice in this Court within 15 days of the completion of arbitration.

**DATED** this 28th day of March, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE